# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RAE MONA LILLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 7582 |
| v. | ) | |
| | ) | |
| UNITED GROUND EXPRESS, INC. | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rae Mona Lilly brings this *pro se* action against her employer United Ground Express, Inc. ("UGE") alleging race, national origin and religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"); race and national origin discrimination under 42 U.S.C. § 1981 ("Section 1981"); and retaliation. UGE moved to dismiss Ms. Lilly's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 19. For the following reasons, that motion is granted.

## Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

Rule 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject matter jurisdiction according to Article III, Section 2 of the U.S. Constitution. As with a motion under Rule 12(b)(6), a court deciding a Rule 12(b)(1) motion must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quotation marks omitted). "When the accuracy of the complaint's statement of subject matter jurisdiction is in dispute, however, the Court may look beyond the complaint to review any evidence the parties submit to illuminate the jurisdiction question." *Bhd. of Maint. Way Emps. v. Burlington N. Santa Fe Ry. Co.*, 383 F. Supp. 2d 1000, 1003 (N.D. Ill. 2005) (citing *Alicea–Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) and

*Sapperstein v. Hager,* 188 F.3d 852, 856 (7th Cir.1999)). Ultimately, when a defendant challenges jurisdiction, the plaintiff bears the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## Background

Ms. Lilly has been employed with UGE since April 2018, where she currently serves as an Airport Assistant Agent. She is also a member of the International Association of Machinists & Aerospace Workers, AFL-CIO (the "union"), and a union shop steward. As a union member, the terms and conditions of Ms. Lilly's employment are governed by a collective bargaining agreement ("CBA"), a portion of which is attached to UGE's motion. R. 10 at 8; R. 20, Ex. 1. Among other things, the CBA directs the manner in which employees bid for positions in accordance with seniority and qualifications. *See* R. 20, Ex. 1 at 5-9.

On or about February 6, 2019, Ms. Lilly filed a charge of discrimination with the EEOC ("EEOC charge") on which she checked the boxes for race discrimination and retaliation and alleged in full:

> During my employment, I have been subjected to workplace harassment and different terms and conditions than non-Black employees, including but not limited to, my Seniority not being honored and denied assignment opportunities. I complained to no avail.
>
> I believe I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of Civil Rights Act of 1964, as amended.

R. 10 at 8. Ms. Lilly also prepared a supplement to her charge ("EEOC supplement") indicating that she was: "subjected to extra scrutiny;" "harassed by phone and in person;" "called 11 times in one day prior to reporting to work" on one occasion;

3

"humiliated and belittled in front of peers;" "ambushed by management and escorted from [her] work location to multiple investigations which have all been unfounded;" "[s]ubjected to a criminal background check after 1.5 years of employment and several security clearances already in place;" "forced to stand idly for extended periods while a jr employee worked [her] position;" "threatened reprimand;" and "denied the right to exercise seniority as well as . . . being blackballed with United mainline." R. 10 at 9-10. Ms. Lilly also stated that she had received "demerits . . . without due process or union representation;" had "disciplinary action taken against [her]" after "making inquiries of contract violations;" and that "since [her] original complaint incidents have increased tenfold and Mohammad Aktar?s [sic] conduct remains unchecked." R. 10 at 9-10. The EEOC supplement is not dated, and it is unclear whether it was submitted to the EEOC.

Ninety-two days after she alleged to have received a right-to-sue letter from the EEOC, *id.* at 3, 7, Ms. Lilly filed this *pro se* action via a form complaint. She checked boxes to indicate that UGE had discriminated against her based on her race and national origin under Title VII and Section 1981 and her religion under Title VII, and retaliated against her. She also checked boxes to indicate that UGE "failed to stop harassment," and "retaliated against [her] because [she] did something to assert rights protected by [Title VII and Section 1981]." In support, Ms. Lilly alleged simply that UGE "limited employment advancement opportunities to mainline United Airlines," and that there were "multiple complaints to HR and communication to management regarding falsified seniority placement, harassment and retaliation

after original EEOC complaint was filed I separately filed a second complaint." *Id.* ¶ 13.

UGE subsequently moved to dismiss the complaint. R. 19. Ms. Lilly did not appear for the motion hearing, at which the Court set a briefing schedule, R. 22, and did not respond to UGE's motion.

## Analysis

UGE argues that dismissal is proper because: (1) Ms. Lilly waived any argument in opposition to its motion by failing to respond; (2) Ms. Lilly's claims are governed by a collective bargaining agreement and thus preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"); (3) all of Ms. Lilly's Title VII claims are time-barred, and her national origin and religious discrimination claims are outside the scope of her EEOC charge; and (4) the complaint fails to plausibly allege discrimination, harassment and/or retaliation. R. 20; R. 23.

Ms. Lilly's failure to respond to UGE's motion to dismiss alone proves fatal to her claims, as "a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Indeed, "even a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint." *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019). The result is no different when the plaintiff is *pro se. See Sroga v. Rendered Servs. Inc.*, 2019 WL 6173424, at *1 (N.D. Ill. Nov. 20, 2019) (dismissing *pro se* plaintiff's complaint because her failure to "file a brief in response"

to motion to dismiss "operate[d] as an abandonment of any argument against dismiss[al]").[1]

Even setting Ms. Lilly's forfeiture aside, dismissal appears proper. First, "[i]t is well-settled that the RLA requires mandatory arbitration of so-called 'minor disputes,' which are those requiring 'interpretation or application' of a CBA." *Vanslyck v. GoJet Airlines, LLC*, 323 F.R.D. 266, 269 (N.D. Ill. 2018) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 831-32 (7th Cir. 2014)). That mandate includes federal anti-discrimination claims. *See, e.g.*, *Brown v. Ill. Cent. R.R.*, 254 F.3d 654, 668 (7th Cir. 2001) (plaintiff's ADA claim precluded by RLA because it depended on interpretation of CBA's seniority provision). Thus at the very least, Ms. Lilly's claims concerning seniority and assignment opportunities are precluded because both subjects are governed by, and therefore require interpretation or application of, the CBA.

Moreover, Ms. Lilly's Title VII claims are also time-barred, having been filed 92 days after the date she alleges to have received her EEOC right-to-sue letter. *See Smith v. EMB, Inc.*, 576 Fed. Appx. 618, 619 (7th Cir. 2014) ("A Title VII plaintiff must file her lawsuit within 90 days of the date she receives a right-to-sue letter."); 42 U.S.C. § 2000e-5(f)(1). And her Title VII religion and national origin claims are barred for the additional reason that neither was raised before the EEOC. *See* R. 10 at 8 (EEOC charge purporting to allege only race discrimination and retaliation); *see*

---

[1] As noted, Ms. Lilly also failed to appear at the motion hearing, and has not otherwise filed anything on the docket since instituting this case.

*also Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996) (Title VII plaintiffs may raise only claims addressed with the EEOC or "like or reasonably related to" allegations in the EEOC charge).

Further, the Court doubts that Ms. Lilly has stated a claim for harassment, discrimination or retaliation.[2] To state a claim for hostile work environment (harassment), Ms. Lilly must allege that: (1) she was subjected to unwelcome harassment; (2) the harassment was based on a protected class; (3) the conduct was severe and pervasive so as to alter the terms and conditions of employment; and (4) there is a basis for employer liability. *See Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 561 (7th Cir. 2016). But neither her complaint nor EEOC charge tie any alleged harassment to her race, religion or national origin. *See Duminie v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 2020 WL 1288876, at *6 (N.D. Ill. Mar. 18, 2020) ("Plaintiff cannot proceed because her harassment claim . . . does not allege sufficient facts from which the Court can infer that the harassment was . . . racially motivated."). And, in any case, even if the Court considers the EEOC supplement, Ms. Lilly's allegations are generally conclusory and don't amount to the "hellish" conduct required to qualify as severe or pervasive. *Compare* R. 10 (complaint and EEOC filings alleging, among other things, that Ms. Lilly was "subjected to extra scrutiny," "harassed by phone and in person," and "was called 11 times in one day prior to arriving to work"), *with Huri v. Office of the Chief Judge of the Circuit Court*

---

[2] The Court does not distinguish between Ms. Lilly's claims under Section 1981 and Title VII because allegations under Section 1981 and Title VII are generally assessed the same way. *See Phillips v. Baxter*, 768 Fed. Appx. 555, 559 (7th Cir. 2019).

*of Cook Cty.*, 804 F.3d 826, 834 (7th Cir. 2015) (allegations of screaming, prayer circles, social shunning, implicit criticism of non-Christians, and uniquely bad treatment plausibly alleged a hostile work environment), *and Alamo v. Bliss*, 864 F.3d 541, 550-52 (7th Cir. 2017) (allegations that coworkers used offensive slurs, stole plaintiff's food, and physically threatened him over a two-year period sufficient to plausibly allege harassment).

As for Ms. Lilly's discrimination claims, UGE points outs that the complaint fails to (among other things) allege the existence of a similarly situated employee, that she was meeting legitimate job expectations, or that UGE's stated reasons for its employment decisions were a pretext for discrimination. R. 20 at 12-13. But it is enough at this stage for Ms. Lilly to allege that her membership in a protected class caused her to suffer an adverse employment action. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). The problem for Ms. Lilly, however, is that she fails to do even that. Indeed, other than to check a box, she does not mention her race, religion or her national origin in her complaint. In fact, at no point does she even specify her religion—including before the EEOC—and she does not otherwise connect any adverse treatment to a protected characteristic. *See Haymon v. Metra*, 2020 WL 1548953, at *6 (N.D. Ill. Mar. 31, 2020) (dismissing *pro se* complaint including because "aside from checking the box for religious discrimination on the *pro se* form portion of the Amended Complaint," the plaintiff made "*zero* allegations related to religion" (emphasis in original)); *see also Linda Constr. Inc. v. City of Chi.*, 2016 WL 4429893, at *2 (N.D. Ill. Aug. 22, 2016) (dismissing Section 1981 claim because

"Plaintiffs appear to allege that because they are black, Defendants' alleged conduct towards them was indisputably due to their race. But saying it is so does not make it so. Plaintiffs must connect the dots between the alleged cause (their race) and the alleged effect (the discriminatory conduct)").

Finally, to state a claim for retaliation, Ms. Lilly must allege that she engaged in protected activity and suffered an adverse employment action because of it. *See Silverman v. Bd. of Ed. of City of Chi.*, 637 F.3d 729, 740 (7th Cir. 2011). But it is unclear from Ms. Lilly's complaint and EEOC charge the specific protected activity she allegedly engaged in as of the time she filed her charge. *See generally* R. 10; *see also Carlson*, 758 F.3d at 828 (when pleading a retaliation claim, "[t]he protected activity must be specifically identified"). And to the extent she contends that she was retaliated against for something other than filing her EEOC charge, there is no indication that her complaints concerned her race, national origin, or religion. *See generally* R. 10 (reflecting complaints to HR and management about seniority, advancement, and whether the contract was being followed); *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park*, 490 F.3d 558, 563 (7th Cir. 2007) (plaintiff's complaints "had nothing to do with" discrimination, so they were not protected expressions for federal antidiscrimination purposes).

In sum, "[i]t is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

9

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Having failed to do so here, Ms. Lilly's complaint is dismissed.

## Conclusion

For the foregoing reasons, UGE's motion to dismiss is granted. R. 19. If Ms. Lilly believes she can cure the deficiencies identified here, she may move for leave to file an amended complaint by July 28, 2020. The motion should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in her initial complaint. If Ms. Lilly fails to timely file such an amended complaint and motion, or fails to timely seek an extension of time in which to do so, this action will be dismissed with prejudice.

ENTERED:

_Thomas M. Durkin_
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: June 30, 2020

10